IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOEY MARLIN TATE                                                          PLAINTIFF

        v.                          Civil No. 11-2092

JOHNSON COUNTY, ARKANSAS;
JAIL ADMINISTRATOR ROBERT
PETERSON; and SHERIFF JIMMY DORNEY                      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Joey M. Tate (hereinafter Tate), pursuant to the provisions of 42 U.S.C. § 1983.  Tate proceeds *pro se* and *in forma pauperis.*

Tate is not currently incarcerated.  However, the claims asserted in this case stem from a period of incarceration at the Johnson County Detention Center (JCDC).

Defendants have filed a motion for judgment on the pleadings (Doc. 20) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Plaintiff has responded to the motion (Doc. 22). The motion is now ready for decision.

### 1.  Background

According to the allegations of the complaint, Tate was booked into the JCDC on February 4, 2011.  He has Type I diabetes and is insulin dependent.  As such, Johnson maintains it is critical that he be on a diabetic diet, have his sugar monitored on multiple occasions each day, and be provided insulin and the necessary supplies to inject it.

While at the JCDC, Tate maintains that he received an inadequate diet and suffered from malnutrition.  While he was to receive a diabetic diet and two snacks per day, he maintains he rarely received two snacks a day.  When he did receive the snacks, he maintains he received

-1-

expired food on multiple occasions.  He maintains the expired food caused nausea, severe stomach cramps, and vomiting.

He asserts he lost twenty-one pounds because of the inadequate diet and also had diabetic seizures.  He alleges the seizures were the result of the inadequate diet and lack of treatment.  He also asserts that he has developed a tumor like knot in his lower abdomen that was a result of being provided with dirty needles.

He alleges Jail Administrator Peterson and Sheriff Jimmy Dorney are responsible for adherence to the Arkansas Jail Standards including a requirement that inmates receive 2300 calories a day.  Tate attached to the complaint a memorandum written by Administrator Peterson in response to a medical request form dated February 22, 2011.  The memorandum addresses the diet Tate was receiving and also dates on which the jail was inspected.

**2.  Applicable Standard**

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim.  *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)).  Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009)).

AO72A
(Rev. 8/82)

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the Defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

Plaintiff has asserted two claims against Defendants: first, a claim that the diet he received was not adequate; and second, a claim of inadequate medical care. It is undisputed that each of the Defendants acted under color of state law for purposes of § 1983. Thus, the question is whether Plaintiff has stated a claim of denial of a constitutional right.

### Inadequate Diet

The Eighth Amendment requires inmates to be provided with "nutritionally adequate food." *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). Failure to provide adequate nutrition can constitute deliberate indifference. *Id.; see also Hartsfield v. Colburn*, 491 F.3d 394, 396 (8th Cir. 2007)(Deliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing,

-3-

shelter, medical care, and reasonable safety). "Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate. An obvious risk of harm justifies an inference that a prison official subjectively disregarded a substantial risk of serious harm to an inmate." *Schaub v. VonWald*, 638 F.3d 905, 914-15 (8th Cir. 2011)(internal quotation marks and citations omitted).

I believe a plausible claim has been stated. Plaintiff has alleged he lost twenty-one pounds due to the inadequate diet and also suffered multiple diabetic seizures as a result. With respect for the possible liability of the Defendants based on this claim, I find Plaintiff has alleged plausible claims as to both Defendants. With respect to Administrator Peterson, he clearly was personally aware of the issue and found Plaintiff's assertions to be without merit. I agree, however, that no plausible claim has been stated against Sheriff Dorney in his individual capacity. Sheriff Dorney cannot be held liable simply because he has overall supervision of the detention center.

Administrator Peterson maintains he is entitled to qualified immunity. "Qualified immunity shields government officials from liability in a § 1983 action unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." *Brown v. City of Golden Valley*, 574 F.3d 491, 495 (8th Cir. 2009). The qualified immunity inquiry consists of two questions: "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Johnson v. Carroll*, 658 F.3d 819, 825 (8th Cir. 2011). "Unless the answer to both of these questions is yes, the

-4-

defendants are entitled to qualified immunity." *Langford v. Norris*, 614 F.3d 445, 459 (8th Cir. 2010).

As noted above, the facts as alleged by Tate make out a plausible claim of violation of a constitutional right. Moreover, it is "well settled that jail and prison inmates have the right to be provided with food sufficient to sustain them in good health." *Kind v. Frank*, 329 F.3d 979, 981 (8th Cir. 2003)(internal quotation marks and citation omitted). Similarly, it is well established that a prisoner has a right to a prescribed diet. *See e.g., Worthen v. Ryan*, Case No. CIV-02-872, slip op. at 29-32 (W.D. Okla. June 2, 2004)(holding that a diabetic prisoner's right to receive a special diabetic meal was clearly established in 2002).

With respect to the official capacity claims, I believe a plausible claim has been stated against both Sheriff Dorney and Administrator Peterson. I believe the complaint can be read to be asserting a claim that Johnson County has a policy or custom of providing inadequate nutrition to diabetic inmates.

### Denial of Adequate Medical Care

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998)(citation omitted). "It is well established that deliberate indifference to a prisoner's serious medical needs is cruel and unusual punishment in violation of the Eighth Amendment." *Langford v. Norris*, 614 F.3d 445, 459 (8th Cir. 2010)(internal quotation marks and citation omitted). The Eighth Circuit analyzes both a pretrial detainee's and a convicted inmate's claim of inadequate medical care under the deliberate indifference standard. *See Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006).

-5-

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)(*quoting Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

No plausible claim is stated by the mere fact that Tate was in the custody of Sheriff Dorney and Administrator Peterson. *Reynolds v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011)("It is settled, however, that a warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement")(internal quotation marks and citation omitted). Neither Sheriff Dorney nor Administrator Peterson may be held liable simply because Tate was incarcerated at the JCDC. *Id.; see also, Crooks v. Nix*, 872 F.2d 800, 803 (8h Cir. 1989).

A supervisor incurs § 1983 liability

for a violation of a federally protected right when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation. The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he] might see.

*Ottman v. City of Independence, Mo.* 341 F.3d 751, 761 (8th Cir. 2003)(citation and internal quotations omitted).

In this case, Tate submitted grievances regarding not only his diet but also the testing of his blood sugar level, the alleged provision of dirty or used needles, and the failure to supply alcohol pads or something similar to clean his skin at the area of injection and to clean the top

-6-

of the insulin bottle.  On the grievance dated March 1, 2011, the response indicates the insulin is being administered according to the instructions of the jail administrator.  This is sufficient to state a plausible claim against Administrator Dorney in his individual capacity.

Administrator Dorney argues he is entitled to qualified immunity on this claim.  The only facts before the Court at this time are those alleged by Tate in the complaint and attachments.  As noted above, Tate alleges he is a Type 1 diabetic who was not allowed to test his blood sugar level as frequently as need, was provided with used needles, and was not provided with alcohol pads to clean the injection site or the insulin bottle.  Tate alleges these deficiencies in his medical care caused him physical discomfort, seizures, and were not in accordance with prescribed treatment.  Tate has sufficiently alleged the violation of a constitutional violation.  And, it is clearly established law that interference with prescribed treatment constitutes deliberate indifference to a serious medical need.  *See e.g, Pietrafeso v. Lawrence County*, 452 F.3d 978, 983 (8th Cir. 2006)(deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed).

With respect to Sheriff Dorney, in his individual capacity, nothing suggests he was involved in making any decisions regarding Tate's medical care, that he interfered in anyway in prescribed care, or that he was even aware of Tate's claim of inadequate medical care.  Thus, no plausible claim is stated against Sheriff Dorney in his individual capacity.

With respect to the official capacity claims, Tate has stated a plausible claim against Administrator Peterson.  Administrator Peterson may be held liable if he knew the prisoner's "serious medical needs were not being adequately treated yet remained indifferent."  *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010)(citation omitted).

-7-

However, nothing in the complaint or attachments indicate Sheriff Dorney had any knowledge regarding Tate's medical conditions or that he was aware of Plaintiff's complaints of inadequate treatment. There is no suggestion of a policy or custom of failing to provide adequate medical care. Therefore, there is no basis on which Sheriff Dorney can be held liable on this claim.

### 4.  Conclusion

For the reasons stated, I recommend that the motion for judgment on the pleadings (Doc. 20) be granted with respect to: (a) the inadequate diet claim asserted against Sheriff Dorney in his individual capacity; and (2) the denial of medical care claims against Sheriff Dorney.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 31st day of July 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-8-