IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOEY MARLIN TATE                                                                                              PLAINTIFF

v.                                          Case No. 2:11-CV-02092

JOHNSON COUNTY, ARKANSAS;
JAIL ADMINISTRATOR ROBERT PETERSON;
and SHERIFF JIMMY DORNEY                                                                          DEFENDANTS

## <u>O R D E R</u>

Currently before the Court is the document titled Report and Recommendations (Doc. 24) filed in this case on July 31, 2012, by the Honorable James R. Marschewski, Chief United States Magistrate for the Western District of Arkansas, in regard to a Motion for Judgment on the Pleadings (Doc. 20) filed by Defendants.  Also before the Court are Defendants' Objections (Doc. 25).  The Court has conducted a *de novo* review as to all specified proposed findings and recommendations to which Defendants have raised objections.  28 U.S.C. § 636(b)(1).

**I.       Inadequate Diet**

Defendants object to the Magistrate's finding as to each claim not recommended for dismissal.  As to the inadequate diet claim asserted against Defendant Robert Peterson individually, Defendants argue that nothing in the Complaint or the materials attached thereto allege or evince deliberate indifference on the part of Peterson, and that even if deliberate indifference had been alleged, Peterson should be entitled to qualified immunity.  The Court does not agree and adopts the Magistrate's reasoning on this claim.  The Court is mindful that Plaintiff is acting *pro se* and that the Motion at hand is a Motion for Judgment on the Pleadings, for which the Court must accept the factual matter pleaded by the Plaintiff to be true.  *Schaaf v. Residential Funding Corp.*, 517 F.3d 544,

549 (8th Cir. 2008). Accepting as true Plaintiff's factual allegations concerning his diet, and considering the memo drafted by Defendant Peterson in response to a medical request by Plaintiff (Doc. 1-2, p. 1), the Court finds that Plaintiff has sufficiently alleged that Defendant Peterson was aware of Plaintiff's dietary situation, that Plaintiff's diet was inadequate in relation to his medical needs, and that Peterson took no corrective action. Those allegations are sufficient to state a claim, and dismissal of that claim is therefore not appropriate at this stage of the proceedings. The Court adopts the Magistrate's reasoning as to qualified immunity for Peterson on this claim, and finds that Peterson is not entitled to qualified immunity as to the inadequate diet claim at this time.

As to the inadequate diet claim asserted against Defendants in their official capacities, the Court agrees with the Magistrate and finds, at this stage of the litigation, that Plaintiff has presented and alleged enough facts to state a plausible official capacity claim against Defendants Dorney and Peterson. Defendants argue that the memo they reference in their objections shows that Defendants' policy and custom was to ensure that inmates were provided a diet of at least 2300 calories per day. Taken as true, Plaintiff's pleadings, which include his attached grievances and responses, state a claim that there was not an adequate policy or custom in place regarding ensuring proper adherence to a diabetic diet. Plaintiff claims that he was routinely given less than 2300 calories per day, due to his diet being inadequate for a person in his diabetic condition. He has recorded numerous grievances raising the same issue. Defendants dispute the substance of Plaintiff's grievances. In ruling on a Motion for Judgment on the Pleadings, however, the Court must accept Plaintiff's allegations as true. Although perhaps not directly stated in Plaintiff's Complaint or its attachments, the inference is readily ascertained that Johnson County has a policy or custom of providing inadequate nutrition to diabetic inmates.

The Court notes that Johnson County has been made a named Defendant in this action. Because "[a] suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity," any official capacity claims brought by Plaintiff against Defendants Peterson and Dorney – as employees of Johnson County, Arkansas – are equivalent to the claims Plaintiff brings against Johnson County. The official capacity claims against Peterson and Dorney should therefore be dismissed as redundant to the claims against Johnson County. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (affirming district court's dismissal of an official capacity claim as redundant of a claim against the employing governmental entity). For the reasons stated above, Plaintiff's claims against Johnson County will remain.

## II.     Denial of Adequate Medical Care

As to the denial of medical care claim against Defendant Peterson, Defendants object to the Magistrate's interpretation of Plaintiff's March 1, 2011 grievance, which was attached to the Complaint. The Magistrate found that the response to that grievance "indicates the insulin is being administered according to the instructions of the jail administrator." (Doc. 24, p. 7). The actual language used in the response is "[i]nsulin and snacks are being administered according to jail administrator." (Doc. 1-2, p. 7). Defendants argue that a fair interpretation of the sentence could instead be that the person writing the response had checked with the jail administrator to see if Plaintiff was receiving his snacks and insulin. Either way the response is interpreted, it indicates that the jail administrator was a person with knowledge and authority as to the administration of insulin to Plaintiff. If the Court accepts the Magistrate's interpretation of the response, the jail administrator was the person instructing others as to how Plaintiff's insulin should be administered. If the Court

accepts Defendants' interpretation of the response, the jail administrator was the person to whom the response writer went for clarification and affirmation as to how Plaintiff's insulin was being administered.  In either scenario, the jail administrator appears to have had the authority to say whether or not Plaintiff's insulin was being administered correctly.  This appears to the Court to be sufficient to allege that Defendant Peterson, the jail administrator, was either personally involved in the alleged violation or that his corrective inaction constituted deliberate indifference toward the violation by his approval of the way in which Plaintiff's insulin was being administered. *See Ottman v. City of Independence, Mo.*, 341 F.3d 751, 761 (8th Cir. 2003) (stating that a supervisor incurs § 1983 liability when the supervisor is either personally involved in the violation of when the supervisor's corrective inaction constitutes deliberate indifference toward the violation).

The Court finds, further, that Defendant Peterson has not shown that he is entitled to qualified immunity on this claim at this time.  The Court agrees with the Magistrate that Plaintiff has sufficiently alleged a constitutional violation, and it is, and was at the time of Plaintiff's grievances, clearly established law that interference with prescribed treatment constitutes deliberate indifference. *See, e.g., Pietrafeso v. Lawrence County*, 452 F.3d 978, 983 (8th Cir. 2006) ("Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." (quotation omitted)).

Finally, Defendants make no objections as to the Magistrate's recommendation that Plaintiff's claim for denial of adequate medical care remains viable as to Defendant Peterson in his official capacity.  The Court, however, has reviewed this finding as well. The Magistrate found that, with respect to the official capacity claims, Plaintiff stated a plausible claim against Defendant Peterson but not against Defendant Dorney, reasoning that there was nothing in the Complaint or its

attachments to indicate Defendant Dorney had any knowledge of or involvement in attending to Plaintiff's medical needs.  However, in the same way that the Court found that Plaintiff stated a plausible claim that Johnson County has a custom or policy of providing an inadequate diet to diabetic inmates, so too the Court finds that Plaintiff's Complaint and attachments can and should be construed to state a plausible claim that Johnson County has a custom or policy of providing inadequate medical care to diabetic inmates.  The grievances attached to the Complaint allege, at worst, that Plaintiff was given used and possibly contaminated needles, and at best, that his insulin was not administered and/or his blood sugar was not checked according to a consistent plan or according to the schedule that he alleged he needed.  Plaintiff also alleges that he was not able to get a timely response during medical emergencies.  One response to such a grievance says that he should cover the camera to alert someone that he needed help, but that he should not do that "just to get your sugar checked."  (Doc. 1-2, p. 6).    Later, it appears that, after Plaintiff attempted to get help by covering the camera, he was told that "inmates covering camera will be advised not to do so." *Id.* at p. 9.  On one occasion, Plaintiff's medical supplies were left in his cell, unattended for over six hours, leading Plaintiff to wonder if his supplies had possibly been mishandled on other occasions as well. *Id.* at p. 12. Taken as a whole, the Court finds that Plaintiff has alleged sufficient facts to state a plausible claim that Johnson County has a custom or policy of providing inadequate medical care to diabetic inmates.  The Court therefore departs slightly from the reasoning and recommendation of the Magistrate Judge as to this claim.  Also, as stated above, Plaintiff's claims against Defendants Peterson and Dorney in their official capacities are redundant as Plaintiff is also bringing claims directly against Johnson County.  Plaintiff's claims against Defendants Peterson and Dorney in their official capacities should therefore be dismissed due to redundancy.  The official

capacity claims will remain as claims against Johnson County.

### III. Conclusion

Therefore, the Court, being well and sufficiently advised, finds that the Report and Recommendations (Doc. 24) is proper and should be and hereby is **ADOPTED**, with the exceptions that the Court finds that Plaintiff has stated a claim against Johnson County for denial of adequate medical care, and Plaintiff's claims against Defendants Peterson and Dorney in their official capacities should be dismissed as redundant to claims against Johnson County.  Therefore, for the reasons stated herein and in the Magistrate Judge's Report and Recommendations, Defendants' Motion for Judgment on the Pleadings (Doc. 20) is **GRANTED IN PART** and **DENIED PART**.

IT IS THEREFORE ORDERED that Defendants' Motion (Doc. 20) is granted insofar as all claims against Defendant Dorney are DISMISSED.  The claims against Defendant Dorney in his individual capacity are dismissed with prejudice for failure to state a claim, and the claims against Defendant Dorney in his official capacity are dismissed without prejudice as redundant to Plaintiff's direct claims against Johnson County.

IT IS FURTHER ORDERED that Defendants' Motion is denied in all other respects.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Peterson, in his official capacity only, are dismissed without prejudice as redundant of Plaintiff's claims against Johnson County.

IT IS SO ORDERED this 26th day of September, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE