IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOEY MARLIN TATE                                                                PLAINTIFF

v.                                          Case No. 2:11-CV-02092

JOHNSON COUNTY, ARKANSAS; and
JAIL ADMINISTRATOR ROBERT
PETERSON, Individually                                                       DEFENDANTS

## OPINION AND ORDER

Currently before the Court are Plaintiff Joey Marlin Tate's motions to amend his complaint (Doc. 61, 69). No response is necessary. For the reasons set forth herein, Tate's September 17th motion (Doc. 61) will be granted and his September 25th motion (Doc. 69) will be denied.

Tate's September 17th motion to amend was submitted and discussed at the pretrial conference.[1] That proposed amended complaint seeks solely to amend the damages Tate seeks. No opposition was offered at the pretrial conference, and the Court indicated its probable approval of the motion to amend. Accordingly, that motion to amend will be granted.

Tate's September 25th motion is a different case. Tate seeks to add Sergeant Allie Wilkerson as a defendant to this lawsuit in both his official and individual capacities. As the Court explained in its Order (Doc. 26) adopting the magistrate's report and recommendation, official capacity claims are redundant to claims against the office for which the official works. Sergeant Wilkerson works for Johnson County, and Johnson County is already named, so Tate's motion to add Wilkerson in his official capacity will be denied.

Regarding Tate's motion for leave to add Wilkerson in his individual capacity, "[t]he

---

[1] The Court's citations to the pretrial conference are based on recollection, rather than on any transcript of that proceeding.

court should freely give leave [to a party to amend its pleadings] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The classic 'good reasons' for rejecting an amendment are undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment."  *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) (punctuation and quotation omitted).  An amendment is futile when it would allege a claim "that is legally insufficient on its face." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 225 (8th Cir. 1994).  Regarding delay, "[w]hen a considerable amount of time has passed since the filing of a complaint and the motion to amend is made on the eve of trial and will cause prejudice and further delay, courts require the movant to provide some valid reason for the belatedness of the motion."  *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989).

Adding Wilkerson as a Defendant without alleging any facts that support his liability would be futile.  To date, the issue in Tate's case has essentially been whether decision makers were deliberately indifferent to his medical and dietary needs.  Tate's complaint alleges that he named the parties he did because "they are responsible for upholding the AR Jail Standards at this facility."  (Doc. 1, p. 6).  Tate clarified in his response to Defendants' motion for judgment on the pleadings that the harm to him was caused "by Deffendant [sic] Peterson acting as nurse/Dr./dietitian regulating [Tate's] meds and diet."  (Doc. 22, p. 3).  Tate reiterates elsewhere throughout that response that his case is founded on Peterson's responsibility for ensuring that Tate receive adequate medical care and diet, and it is on that basis that the individual-capacity action against Peterson is proceeding to trial.  Prior to Tate stating at the pretrial conference that Wilkerson would be called as a witness, Wilkerson does not seem to have merited Tate's specific mention (though it appears that Wilkerson may have responded to and initialed some of the

2

grievance forms Tate submitted).  (*See, e.g.*, Doc. 1-2, p. 4).  Tate's complaint contains no facts that plausibly support Wilkerson's liability for either interference with Tate's medical treatment or diet or deliberate indifference to inadequacies in that treatment or diet.  Tate's motion to amend neither cites to specific support in the record for nor alleges new facts to support Wilkerson's liability.  Accordingly, it appears that amendment would be futile, and Tate's motion will be denied.

Furthermore, the Court finds that Tate unduly delayed in filing the instant motion, and granting it would cause further delay and undue prejudice to Wilkerson.  This case has been pending since May 20, 2011.  (Doc. 1).  Trial is scheduled for October 20, 2014.  Tate initially named Johnson County, as well as Jail Administrator Robert Peterson and Sheriff Jimmy Dorney[2] in their official capacities.  (*Id.*).  Tate was later given leave to amend his complaint to name these parties in their individual capacities.  (Doc. 12).  Tate did not propose adding Wilkerson as a defendant at that time.  Tate first indicated at the pretrial conference on September 17, 2014 that he would be calling Wilkerson as a witness.  Tate did not mention adding any additional defendants at that time.  The only excuse Tate has given for the belatedness of the instant motion is that while Tate was reviewing his own exhibits and paperwork, he noticed that Wilkerson had "involvement in the same claims" Tate brings against the Defendants.  (Doc. 69, p. 1).  Tate has not explained why his initial review did not result in the same realization, and his proffered reason for belatedness, standing alone, is not valid.  Not only is a period of almost three and one-half years between filing the complaint and seeking to amend the complaint to add a new party who was known at the time of the complaint undue delay, but to add Wilkerson when trial is less than a month away would unduly prejudice him by greatly limiting his ability to choose counsel and build a case in his defense, or would further

---

[2] Sheriff Dorney has since been dismissed as a defendant.

delay these proceedings.

IT IS THEREFORE ORDERED that Tate's motion to amend his complaint (Doc. 61) is GRANTED.

IT IS FURTHER ORDERED that Tate's motion to amend his complaint (Doc. 69) is DENIED.

IT IS SO ORDERED this 1st day of October, 2014.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE