IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOEY MARLIN TATE                                                                                    PLAINTIFF

v.                                           Case No. 2:11-CV-02092

JOHNSON COUNTY, ARKANSAS; and
JAIL ADMINISTRATOR ROBERT
PETERSON, Individually                                                                         DEFENDANTS

**OPINION AND ORDER**

Currently before the Court are Plaintiff Joey Marlin Tate's motions to compel and for a subpoena (Doc. 79). Defendants have filed a response. For the reasons explained herein, Tate's motions will be denied in part and granted in part.

Although the Court construes a pro se party's filings liberally, pro se parties are bound by the same litigation rules as lawyers admitted to the bar, particularly with respect to discovery requirements. *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000). The Federal Rules of Civil Procedure require timely identification of expert witnesses. The scheduling order in this case does not specifically address when expert witnesses must be identified, so the default deadline of 90 days before trial applies. Fed. R. Civ. P. 26(D)(i). The instant motion is the first time Tate has disclosed Dr. Ongkarn Sarasombath as an expert witness. The motion was served on September 30, 2014 and trial is set for October 20, 2014. Tate's disclosure is untimely and results in surprise, which the Court has so far sought to avoid, and allowing Dr. Sarasombath to testify would operate to prejudice Defendants.

Furthermore, Defendants have raised questions about how and why Dr. Sarasombath was chosen as an expert. Because the Court has a duty under Rule 45 to protect persons subject to a subpoena, and because Tate's subpoenas must be approved by the Court, the Court's clerks

contacted the doctor. Dr. Sarasombath said that Tate has never contacted him about this case. Dr. Sarasombath explained that he does not know Tate, and does not recall ever treating him. Dr. Sarasombath conducted a review of his own records and the records at the clinic where he works. He also inquired of hospitals where he has worked in the past and indicated that none of them have record of him treating Tate. Dr. Sarasombath also said that he is not comfortable offering expert testimony in the case of a patient that he has not treated and whose records he has not had time to thoroughly review. If an attorney had sent a subpoena such as the one Tate requests, the Court would quash it under Rule 45(c)(3) both as an undue burden on Dr. Sarasombath and as not allowing him a reasonable time to comply, and would impose a sanction under Rule 45(c)(1) of excluding Dr. Sarasombath's testimony. Therefore, the Court does not believe it appropriate to issue the subpoena in the first place, and Tate's motion for a subpoena will be denied.

Tate also moves to compel the production of copies of the Johnson County Detention Center's policies and procedures manual at trial. Defendants have provided Tate with copies of sections of the policies and procedures manual which they believe are relevant to his claims. Defendants have also provided Tate with a copy of the table of contents of the policy manual so that he can request other particular polices that he believes to be relevant. For purposes of discovery in this case, the Court believes this procedure is sufficient. However, the Court will grant Tate's motion to compel Defendants to bring the relevant manual to trial as follows. Defendants should bring the manual to the trial so that the Court can make any necessary determinations under Federal Rule of Evidence 106. Defendants should also bring copies of all of the individual sections of the manual, in the manner in which various sections have been previously produced to Tate, so that if the Court determines that some, but not all, additional

polices or procedures need to be admitted or disclosed to Tate, that partial admittance or disclosure is facilitated. This order does not rule on the relevance or admissibility of policies or procedures for discovery or trial purposes, or compel production at this point of unproduced documents, but only requires Defendants to bring copies to trial as stated.

IT IS THEREFORE ORDERED that Tate's motion to subpoena Dr. Sarasombath is DENIED.

IT IS FURTHER ORDERED that Tate's motion to compel Defendants to bring to trial copies of the relevant policies and procedures manual for the Johnson County Detention Center is GRANTED, as state herein.

IT IS SO ORDERED this 10th day of October, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE